IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ARREST WARRANT | )<br>)<br>)<br>)<br>) | Misc. No. 8:22-mj-24<br><br>**(UNDER SEAL)** |

**ORDER TO SEAL**

This matter comes before the Court on motion of the United States for order to seal the Affidavit and Application submitted in support of an arrest warrant. The purpose of the Government's request is to protect the information contained within these documents as release of the information would jeopardize a related ongoing investigation, reveal sensitive information about the nature and scope of the investigation, and could result in the destruction of evidence or flight from prosecution.

Having considered the facts set forth in the Affidavit and Application, and Warrant, as well as the reasons provided by the Government in its motion to seal, the Court concludes that the Government's significant countervailing interest in sealing outweighs the common-law public interest in access to such documents and that sealing the Affidavit and Applications and Warrant is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Court further concludes that, by sealing the Affidavit and Application, and return the denial of access is narrowly tailored to serve the government's interests in sealing. *Id.* at 429.

In reaching this conclusion, the Court has considered alternative measures less restrictive than sealing—such as redaction of portions of the documents—but finds that, at this juncture, redaction would not protect the Government's compelling interests. *See In re Search Warrant for Secretarial Area Outside of Gunn*, 855 F.2d 569, 574 (8th Cir. 1999) (explaining that "line-by-line" redactions were "not practical" where "[v]irtually every page contain[ed] multiple

1

references" to sensitive information); *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the of the Affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant").

The Court has the inherent authority to seal documents of this type. *See Baltimore Sun v. Goetz*, 886 F. 2d 60 (4th Cir. 1988); and *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283 (4th Cir. 2013).

Based on the foregoing, the Court finds that the interests of justice are best served sealing the Affidavit and Application, except that working copies may be made available to the FBI, United States Attorney's Office, the Department of Justice, and any other law enforcement agency designated by the United States Attorney's Office or the Department of Justice.

IT IS THEREFORE ORDERED that the affidavit, application, and Warrant, presented in this matter are hereby sealed pending further order of the court.

IT IS SO ORDERED.

_____
JACQUELYN D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

June 2, 2022
Greenville, South Carolina